IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GARY BOHLKE,<br><br>    Defendant. | No. 05-CR-4049-DEO<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |

_____

### I. INTRODUCTION AND BACKGROUND

On April 12, 2005, a 1 Count Information (Docket No. 1) was returned against defendant Gary Bohlke.

Count 1 of that Information charges that at all times relevant to this Information: (A) Le Mars Bank and Trust ("the Bank") was a bank located in Le Mars, Iowa. The Bank's accounts were insured by the Federal Deposit Insurance Corporation. (B) Beginning in approximately 1986, defendant Gary Bohlke ("defendant") began borrowing money from the Bank for use in his farming operations. Thereafter, defendant obtained numerous loans from the Bank under the names of various family partnerships that he represented.

The Information further states that beginning on a date unknown, and continuing until at least May 2002, in the Northern District of Iowa, defendant knowingly executed and

attempted to execute a scheme and artifice to defraud the Bank in violation of Title 18, United States Code, Section 1344. The Information further charges that the defendant's scheme was carried out in part as follows: Defendant would apply for and obtain loans from the Bank for use in his and his family's farming operations. In order to obtain the loans, defendant would tell the Bank that the funds were going to be used for specific purposes and pledge as collateral assets including, in some instances, the assets that were to be purchased with the loan proceeds. The Information further states that upon receiving the loan proceeds, defendant would, at times, knowingly use and cause the loan proceeds to be used in a manner contrary to the representations he had made to the Bank. In this manner, defendant would cause the Bank to wrongly believe that the loan proceeds were used to purchase assets that collateralized the loans.

In an effort to conceal his wrongful conduct from the Bank, and to conceal that the Bank's loans were not collateralized as he represented, defendant, among other things, provided false financial statements to the Bank and made false representations to the Bank. On his financial

statements, defendant listed and claimed to own assets that, in truth and in fact, as defendant well knew, he did not own. When the Bank asked to see the assets that were pledged as collateral, defendant knowingly and with intent to defraud showed the Bank assets that did not belong to him and claimed that the assets were his. As a result of the defendant's scheme and artifice to defraud the Bank, the Bank sustained a loss of more than $1,500,000.00 This is in violation of Title 18, United States Code, Section 1344.

On May 19, 2005, defendant Gary Bohlke appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the Information. On the same date, Judge Zoss filed a Report and Recommendation (Docket No. 9) in which he recommends that defendant Gary Bohlke's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant Gary Bohlke's plea in this case.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for

a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the Court upon review of Judge Zoss's findings and conclusions that there are no grounds to reject or modify them. Therefore, the Court accepts Judge Zoss's Report and Recommendation (Docket No. 9), and accepts defendant Gary

4

Bohlke's plea of guilty in this case to Count 1 of the Information filed on April 12, 2005.

**IT IS SO ORDERED** this 28th day of July, 2005.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa